UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL MARCOS PEREZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-7871-TLN-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner entered the United States without permission. On September 11, 2026, ICE arrested petitioner in New Jersey. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention without a bond hearing violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner entered the United States without permission at an unknown time. ECF No. 8 at 3. On September 11, 2026, ICE arrested petitioner "during a targeted enforcement operation" in New Jersey. *Id.* at 4. Petitioner has no criminal arrests or convictions. *Id.*; ECF No. 1 at 3. ICE has detained petitioner since September 11, 2026, without a bond hearing. ECF No. 1 at 3-4.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates

federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his mandatory immigration detention without a bond hearing violates the law.[1] ECF No. 1 at 3-4. Respondent states that ICE detained petitioner under 8 U.S.C. § 1225(b)(2)(A), which allows for mandatory detention without a bond hearing. ECF No. 8. Respondent recognizes that the Court of Appeals, in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), has rejected this position. *Id.*

In *Rodriguez Vazquez*, the Court of Appeals held that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), applies to noncitizens who entered without inspection and are detained by ICE in the interior of the United States. *Rodriguez Vazquez*, 183 F.4th at 1165.[2] "Under § 1226(a) and its

---

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

Petitioner filed a motion for appointment of counsel. ECF No. 7. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

[2] Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41. This holding accords with five other Courts of Appeals. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026).

implementing regulations, a detainee may request a bond hearing before an [immigration judge] at any time before a removal order becomes final." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Respondent concedes that petitioner's detention falls under *Rodriguez Vazquez.* ECF No. 8. In other words, while the government maintains that section 1225(b)(2)(A) applies to petitioner, it recognizes that binding authority does not support this position. Accordingly, I find that petitioner's detention should have been governed by section 1226 and not, as respondent advances, by section 1225.[3]

Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 5. Respondent states that petitioner is "entitled to seek a custody redetermination hearing before an immigration judge."[4] ECF No. 8.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release. *See, e.g.*, *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025); *Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug.

---

[3] I note that ICE provided petitioner with an "addendum to notice of custody determination" on September 17, 2026, indicating that it considered petitioner detained under INA § 236(a) (8 U.S.C. § 1226(a)). ECF No. 8 at 15. ICE provided this document to petitioner pursuant to a 2015 order in a class action. *See Gayle v. Johnson*, 81 F.Supp.3d 371 (D.N.J. 2015) *vacated sub nom Gayle v. Warden*, 838 F.3d 297 (3d Cir. 2016). Although ICE may have initially considered petitioner subject to section 1226(a), petitioner has been treated since then as if subject to section 1225(b), as he was never provided with a bond hearing in immigration court , despite his request for one . *See* ECF No. 8 at 13, 15. Respondent now concedes that it holds petitioner under section 1225(b)(2)(A). *See id.* at 1.

[4] In *Matter of Yajure Hurtado*, the BIA held that immigration judges lack jurisdiction to hear a request for bond where the noncitizen is detained under section 1225(b)(2)(A). 29 I. & N. Dec. 216, 228-29 (BIA 2025). As noted, respondent asserts that petitioner is detained under this section. ECF No. 8. Respondent offers no assurances that, if petitioner requested a bond hearing, an immigration judge would have the authority to provide him one. *See id.*

25, 2026); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-5661-DAD-SCR, 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). In *Feng v. Lyons*, the court held that a delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due process rights" and found that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted). Under these circumstances, I find that the "typical remedy" of release, *see Munaf*, 553 U.S. at 693, is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing. Petitioner's due process rights have been violated such that the provision of a bond hearing is constitutionally insufficient. *See Feng*, 2026 WL 472635, at *1. Accordingly, the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to appoint counsel, ECF No. 7, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 222-574-157) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE